# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

RUSSELL W. SMITH; and LYNETTE SMITH,

    Plaintiffs,

v.

NICK ROUNDTREE; ARCHIE DAVIS; ANTHONY BROWN; and THE CITY OF DARIEN,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-4

## O R D E R

This matter is before the Court on the parties' Joint Motion to Stay Discovery (With One Limited Exception) Until Resolution of Pending Motions to Dismiss. (Doc. 23.) After careful consideration and for the reasons set forth below, the parties' motion is **GRANTED**.

In their Motion, the parties submit that discovery should be stayed until such time as the Court enters rulings upon Defendant Nick Roundtree and Defendant City of Darien's Motions to Dismiss. (Doc. 23, p. 1) The parties request a stay of discovery in this action, except to the extent that the discovery concerns the issue of the timeliness and sufficiency of service of process upon the City of Darien, Georgia and Anthony Brown. (Id.)

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any

> legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendants' motions and that no prejudice will accrue to the parties if a stay is granted. Specifically, a ruling on Defendants' Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all proceedings, including discovery, with the exception of discovery concerning the issue of the timeliness and sufficiency of service of process upon the City of Darien, Georgia and Anthony Brown, are stayed pending a ruling by the Court on Defendants' Motions to Dismiss (docs. 9, 20).

IT IS FURTHER ORDERED that **within twenty-one (21) days** following the Court's ruling on Defendants' Motions, should this case remain pending before the Court, the parties are directed to again meet and confer pursuant to Rule 26(f). Additionally, the parties are to file a

Rule 26(f) Report **within fourteen (14) days** of the Rule 26(f) conference at which time a Scheduling Order will be entered by the Court.

**SO ORDERED**, this 20th day of July, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA