# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

RUSSELL V. SMITH; and
LYNETTE SMITH,

    Plaintiffs,

v.

NICK ROUNDTREE; ARCHIE DAVIS;
ANTHONY BROWN; and THE CITY OF
DARIEN,

    Defendants.

CV 215-04

## ORDER

Plaintiffs Russell and Lynette Smith ("the Smiths") bring suit against Defendants for illegally seizing their property pursuant to a court order. The Smiths allege that the court order never existed and that Defendants violated their Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Defendants Nick Roundtree ("Roundtree") and the City of Darien ("Darien") have filed Motions to Dismiss, primarily arguing that the Smiths' Complaint fails to state a claim for relief.[1] For their part, the Smiths have filed a Motion for Default as to Darien, contending that Darien failed to file a timely response to their

---

[1] The Court notes that Defendants Anthony Brown ("Brown") and Archie Davis ("Davis") have only filed Answers to the Smiths' Complaint. Dkt. Nos. 19, 21.

complaint. (Dkt. No. 11). The Court held a hearing on these Motions on October 5, 2015.

For the reasons set forth below, Roundtree's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** (Dkt. No. 9); Darien's Motion to Dismiss is **GRANTED** (Dkt. No. 20); and Plaintiffs' Motion for Default is **DENIED** (Dkt. No. 11).

**FACTUAL BACKGROUND**

The following facts are taken solely from the Smiths' Complaint. Dkt. No. 1 ("Compl."), pp. 1-4. The Smiths are residents of South Carolina. Id. at ¶ 2. Three of the Defendants, who are employees of Darien, id. at ¶ 9, reside in various Georgia counties: Roundtree is a resident of Glynn County, Georgia, id. at ¶ 3; Davis is a resident of Floyd County, Georgia, id. at ¶ 4; and Brown is a resident of McIntosh County, Georgia, id. at ¶ 5. The final Defendant, Darien, is a municipal corporation located in McIntosh County, Georgia. Id. at ¶ 6.

The Smiths allege that on April 8, 2013, Defendants Roundtree, Brown and Davis were "officers of the CITY OF DARIEN." Id. at ¶ 9 (emphasis in original). The Complaint further alleges that the officers threatened to arrest the Smiths unless they turned over property to Debra Newman ("Newman"). Id. at ¶ 9. The Smiths allege that the officers represented that a court order required the Smiths to turn over

the property, but, in actuality, no such court order existed. Id. at ¶¶ 9-10.

The Smiths bring multiple claims against Defendants alleging violations of the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution as to all Defendants. Id. at ¶ 12. The only specific allegation against Darien is contained in paragraph fourteen. That paragraph alleges that "the Defendant CITY OF DARIEN is liable to the Plaintiffs for the conduct of NICK ROUNDTREE, ARCHIE DAVIS AND ANTHONY BROWN." Id. at ¶ 14 (emphasis in original).

## DISCUSSION

I. Motions to Dismiss

### A. Rule 12(b)(6) of the Federal Rules of Civil Procedure as to Roundtree

Roundtree challenges the Smiths' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 9-1, pp. 1-4. In support of his Motion to Dismiss, Roundtree argues as follows: (1) that the Smiths' Complaint fails to set forth "well-pleaded facts" supporting an inference of misconduct on his part, id. at p. 3; and (2) that he is immune from suit because, as a Darien police officer, he is entitled to qualified immunity, dkt. no. 17-1, p. 3. The Smiths respond by arguing that (1) there are sufficient facts to support their Fourth

Amendment claim, dkt. no. 12, p. 6.; and (2) qualified immunity does not protect Roundtree, id.

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts that are set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As an initial matter, at the October 5, 2015, Motions Hearing, counsel for the Smiths conceded that the only viable claim set forth in the Complaint is a Fourth Amendment unlawful seizure claim. Mot. Hr'g Tr., 11:23-12:19, Oct. 5, 2015.

The Fourth Amendment claim lodged against Roundtree is sufficient to withstand his Motion to Dismiss. The allegation in the Complaint—that Roundtree falsely informed the Smiths of a (non-existent) court order and threatened to arrest them if they did not surrender the property—is enough to raise the allegation of unlawful seizure "above the speculative level." Compl., ¶ 9; see also Bell Atl. Corp., 550 U.S. at 555. Indeed, the Complaint alleges that (1) Roundtree ordered the Smiths to relinquish property in their possession, compl., ¶ 9; (2) the

AO 72A
(Rev. 8/82)

Smiths relinquished said property, id.; (3) the Smiths faced imminent arrest if they failed to comply with Newman's court order, id.; (4) the property did not belong to Newman, id. at ¶ 11; and (5) the court order did not exist, id. at ¶ 10. These are specific allegations of fact that, if proven, could establish that Roundtree wrongfully and unlawfully seized the Smiths' property, in violation of their Fourth Amendment rights.

As to the qualified immunity defense, the defense exists to offer "complete protection for government officials sued in their individuals capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When properly applied, the doctrine protects "all but the plainly incompetent or one who is knowingly violating the federal law." Id. (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)).

As an initial matter, a public official must prove that he was acting within the scope of his discretionary authority at the time the alleged wrongful acts occurred. Terrell v. Smith, 668 F.3d 1244, 1250 (11th Cir. 2012). Here, given that the Court must accept all facts in the Complaint as true, Roundtree seized the Smiths' property while on duty as a Darien officer. Thus Roundtree acted in his discretionary capacity.

The burden then shifts to the plaintiff to show that qualified immunity does not apply. Id. To prove that qualified immunity does not apply, a court engages in a two-step inquiry, assessing: (1) whether the plaintiff alleged facts to establish that the officers violated constitutional rights; and (2) whether the right was clearly established. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] A plaintiff may show that a right was clearly established by using any one of the following three methods: (1) highlighting a "materially similar case," decided prior to the actions of the officers in the instant case; (2) pointing to a broad, clearly established principle that controls the particular facts at hand; or (3) showing that the conduct was so obviously unconstitutional that no prior case law need be established. Mercado v. City of Orlando, 407 F.3d 1152, 1159 (11th Cir. 2005).

Here, the facts as pleaded in the Complaint, if proven, could present a clear violation of the Smiths' Fourth Amendment rights. The right to be free from unlawful seizures is a clearly established right and Roundtree cannot shield himself from liability with the defense of qualified immunity. The law is clearly established that police officers cannot force citizens to give up property based on a non-existent court order and the threat of arrest. Indeed, it is obvious that

---

[2] Federal courts have discretion in deciding which prong to address first. See Pearson, 555 U.S. at 236.

Roundtree's conduct, given the facts as pleaded in the Smiths' Complaint, violated the Smiths' Fourth Amendment rights. See Mercado, 407 F.3d at 1159. It is therefore apparent that there are sufficient facts to set forth a claim under the Fourth Amendment, and that Roundtree is not entitled to dismissal at this stage. Accordingly, Roundtree's Motion to Dismiss is hereby denied as to the Fourth Amendment claims. As is plain from the record and confirmed by the Smiths' counsel, the Smiths' claims pursuant to the Fifth, Sixth, and Fourteenth Amendments are due to be dismissed.

    **B.    Rule 12(b)(5) of the Federal Rules of Civil Procedure as to Darien**

Darien challenges the Smiths' Complaint on procedural grounds, arguing that it was not properly served pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure. Dkt. No. 20, pp. 3-7.

The Federal Rules of Civil Procedure allow a party to seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Courts apply the same analysis to a motion to dismiss for insufficient service of process under Rule 12(b)(5) as they would for a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). See Carrier v. Jordan, 714 F. Supp. 2d 1204, 1211 (S.D. Ga. 2008); see also Baragona v. Kuwait Golf Link Transp. Co., 594 F.3d 852, 855

AO 72A
(Rev. 8/82)

(11th Cir. 2010)(per curiam)(noting that proper service of process is one of the components of personal jurisdiction).

As an initial matter, the Plaintiff to an action is responsible for having the summons and complaint served on the defendant within 120 days after filing the complaint. See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. (4)(c)(1). Service is accomplished when a person, who is at least eighteen years old and who is not a party to the action, serves the summons and complaint in the proper manner. Fed. R. Civ. P. 4(c). The Federal Rules provide that a plaintiff may serve process on a state or local government, like Darien, by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

Georgia law provides that only the following persons may serve process:

> (1) The Sheriff or the county where the action is brought or where the defendant is found or by such sheriff's deputy; (2) The marshal or sheriff of the court or by such official's deputy; (3) Any citizen of the United States specially appointed by the court for that purpose; (4) A person who is not a party, not younger than 18 years of age, and has been appointed by the court to serve process or as a permanent process server; or (5) A certified process server was provided in Code Section 9-11-4.1.

O.C.G.A. § 9-11-4(c). Georgia law also sets forth a list of persons who may accept service on behalf of a municipal corporation. Pursuant to Georgia law, a party may serve a county, municipality, city or town by serving "the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process." Id. The burden is on the plaintiff to establish the validity of service of process on the defendant. Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008).

There are multiple problems with the Smiths' attempted service on Darien. First, counsel for the Smiths served Priscilla Taylor ("Taylor"), the City Clerk of Darien. Dkt. No. 4, p. 4. Rule 4(c) of the Federal Rules of Civil Procedure states that service must be accomplished "in the manner prescribed by that state's law": Georgia law clearly prohibits an attorney from serving process. See O.C.G.A. § 9-11-4(c). Second, Taylor is not an authorized person to accept process on behalf of Darien. It is undisputed, that as the City Clerk of Darien, Taylor is not "the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or an agent authorized by appointment to receive service of process"; she also is not Darien's Chief

Executive Officer. O.C.G.A. § 9-11-4(e)(5); see also Fed. R. Civ. P. 4(j)(2)(A). A party may only serve a clerk if the party being sued is any other public body or organization, other than a county, municipality, city or town. See O.C.G.A. § 9-11-4(e)(5). Given that Darien is a municipal corporation, it was thus ineffective for Taylor to be served.

### C. Rule 12(b)(6) of the Federal Rules of Civil Procedure as to Darien

Notwithstanding the above, the Smiths allege that Darien is liable for the actions of its employees, the police officer defendants. Compl., ¶ 14. Darien responds by arguing that the complaint alleges facts sufficient to support a *respondeat superior* claim under 42 U.S.C. § 1983. Dkt. No. 20, pp. 7-8. Darien notes, however, that *respondeat superior* liability under § 1983 is not permitted. Id. At the October 5, 2015, Motions Hearing, the Smiths conceded that § 1983 barred recovery for their claim based on *respondeat superior*. Mot. Hr'g Tr., 19:16-20:14, Oct. 5, 2015. The Smiths also conceded that their Complaint did not set forth any other viable claims, including a claim for conversion. Id. As a result, Darien is entitled to be dismissed from this case.

### II. Motion for Default

The Smiths filed a Motion for Default, arguing that since Darien failed to timely respond to their Complaint, Darien is in

default. Dkt. No. 11, pp. 1-2. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, default occurs "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A party, however, cannot be in default if the party was never served. See, e.g., In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003) (citing Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1368 (11th Cir. 1982) ("Generally where service of process is insufficient, the court has no power to render judgment and the judgment is void.")). Given that the Smiths failed to properly effectuate service, both by their choice of process server and their choice of whom to serve, see supra subpart I(B), the Smiths' Motion for Default must be denied.

## CONCLUSION

Darien's Motion to Dismiss (Dkt. No. 20) is **GRANTED** because the Smiths failed to properly serve process and § 1983 bars claims based on a theory of *respondeat superior*. Roundtree's Motion to Dismiss (Dkt. No. 9) is **GRANTED IN PART** because the Smiths' complaint failed to set forth a claim under the Fifth, Sixth, and Fourteenth Amendments. Roundtree's Motion to Dismiss is **DENIED IN PART** because the Smiths adequately set forth an unlawful seizure claim pursuant to the Fourth Amendment. The Smiths' Motion for Default (Dkt. No. 11) is **DENIED** for their

AO 72A
(Rev. 8/82)

failure to properly serve Darien with notice of the suit. The Clerk of Court **SHALL TERMINATE** Darien as a Defendant.

SO ORDERED, this 14TH day of October, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA