# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

RUSSELL V. SMITH and
LYNETTE SMITH,

    Plaintiffs,

v.

NICK ROUNDTREE; ARCHIE DAVIS;
ANTHONY BROWN; and THE CITY OF
DARIEN,

    Defendants.

CV 215-04

## ORDER

Plaintiffs Russell and Lynette Smith ("the Smiths") bring suit against Defendants for an alleged illegal seizure of their property pursuant to a court order. Pending before the Court are Defendant Officer Nick Roundtree's ("Roundtree") Motion for Summary Judgment (Dkt. No. 44) and Officer Archie Davis ("Davis") and Officer Anthony Brown's ("Brown") Motion for Summary Judgment (Dkt. No. 37).

For the reasons set forth below, Roundtree's Motion for Summary Judgment is **GRANTED** (Dkt. No. 44). Further, Brown and Davis' Motion for Summary Judgment is **GRANTED** (Dkt. No. 37).

## FACTUAL BACKGROUND

On April 8, 2013, Defendant Brown came to the Smiths' Darien, Georgia residence. Brown arrived in response to a complaint by the mother of one of the Smiths' grandchildren, Debra Newman ("Newman"), that the Smiths were preventing her from obtaining her private property from their shed. Dkt. No. 47 p. 1. Brown repeatedly told the Smiths that they would have to let Newman retrieve her things. Dkt. No. 47 pp. 1-3. The Smiths refused and told Brown that he would need a warrant or court order. Id. at 2. Later that day, Roundtree arrived and informed the Smiths that if Newman had property in the shed, they would need to let her retrieve it. Id. Again the Smiths said that they would only obey a warrant or court order. Id.

Roundtree spoke with Davis on the phone shortly after. Roundtree indicated that he would obtain a court order and that he had spoken to the magistrate judge regarding the issue. Dkt. 44-5 pp. 7-8. Through some confusion, Davis came to believe that Roundtree had *already* obtained the court order. Id. at 8; Dkt. No. 47-2 p. 1. Roundtree, however, had not obtained a court order. Dkt. 42 p. 30. Davis repeatedly told the Smiths that they needed to comply based on his incorrect assumption that there was a court order. Dkt. No. 47 pp. 4-5. Believing they were legally compelled to do so, the Smiths allowed Newman to collect various boxes from the shed. Id. The Smiths later

discovered that no court order had been issued. The Smiths have since moved to South Carolina and are unsure if Newman actually took any of their possessions that day. Dkt. No. 44-6 at 45:5-7.

On January 6, 2015, The Smiths brought a Section 1983 action against Defendants alleging violations of their Fourth Amendment rights. Dkt. No. 1. Roundtree, Davis, and Brown have now moved for summary judgment on those claims.

## LEGAL STANDARD

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The nonmovant may satisfy this burden in two ways: First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d

1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. Where the nonmovant instead attempts to carry this burden with nothing more "than a repetition of his conclusional allegations, summary judgment for the defendants [is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981).

## DISCUSSION

### I. FEDERAL CLAIMS

#### A. Standing

Defendants first contest Plaintiffs' standing. The Smiths sole basis for standing is that a seizure of their property occurred under the Fourth Amendment. A "seizure of property under the Fourth Amendment occurs when there is some meaningful interference with an individual's possessory interests in that property." Porter v. Jewell, 453 F. App'x. 934, 936-937 (11th Cir. 2012) (citation and internal quotation marks omitted). Fourth Amendment rights cannot be asserted vicariously. Alderman v. United States, 394 U.S. 165, 173 (1969).

The Smiths have not created a genuine issue of material fact regarding whether Newman took their property. Specifically, Lynette Smith testified that the boxes that were

taken only contained some of her adult children's clothes. Dkt. No. 44-4 at 48:20-25; 49:1-9. Russell Smith's testimony similarly fails to establish an issue of fact. When asked if any of his things were taken, he replied, "I'm not sure," and, "I cannot swear [Newman] took them." Dkt. No. 44-6 at 44:15-20. Furthermore, the items in questions were "router bits and stuff and small items. . . [s]mall tools." Id. at 44:22-24. Finally, the Smiths have since moved from their home in Darien and Russell Smith admitted the items "may still be in the shed somewheres [sic] because there's still stuff in the shed." Id. at 45:5-7.

Unsupported speculation is insufficient to create a genuine issue of material fact needed to survive summary judgment. Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2015) (citation omitted). Here, the Smiths are unsure if Newman actually took anything that belonged to them and have admittedly not searched thoroughly enough in their shed to testify to that fact. If Plaintiffs themselves are not sure that they have standing, the Court cannot possibly deny summary judgment. Instead, the Smiths merely provide unsupported speculation that Newman took the items when in fact the Smiths are unsure what

5

happened to them. Dkt. No. 44-6 44:15-20; 45:5-7. Therefore, the Court will grant Defendants' motions for summary judgment.[1]

B. Qualified Immunity

Even if the Smiths could establish a genuine issue of fact regarding standing, which they have not, their lack of clarity as to whether their items were actually taken is still fatal to their claim. Specifically, the Smiths cannot clearly establish they had a Fourth Amendment right in the property, and so all Defendants are entitled to qualified immunity. Defendants are not entitled to qualified immunity if the Smiths can establish that: (1) the officers violated constitutional rights; and (2) a Fourth Amendment right was clearly established. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Qualified immunity exists to offer "complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When properly applied, the doctrine protects "all but the plainly incompetent or one who is

---

[1] The Smiths have not alleged that a bailment exists here. Such a theory requires the bailee to have complete control over the property. Bohannon v. State, 251 Ga. App. 771, 772 (2001). Here, the Smiths had no such control. Dkt. No. 44-4 at 45:7-12.
[2] Federal courts have discretion in deciding which prong to address first. See Pearson, 555 U.S. at 236.

O 72A
.ev. 8/82)

knowingly violating the federal law." Id. (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)).

As an initial matter, a public official must prove that he was acting within the scope of his discretionary authority at the time the alleged wrongful acts occurred. Terrell v. Smith, 668 F.3d 1244, 1250 (11th Cir. 2012). Here, there is no dispute that all Defendants were at all times acting within their discretionary authority. The burden then shifts to the plaintiff to show that qualified immunity does not apply. Id.

Here, the Smiths allege a Fourth Amendment violation against all parties in that Davis allowed Newman to enter the Smiths' shed and obtain her things. As already discussed, however, the Smiths only had a Fourth Amendment right in *their own* things. The Smiths' right in the possessions taken on April 8, 2013 must be "clearly established" to overcome qualified immunity. Pearson, 555 U.S. at 232. Here, the Smith's right in the possessions is anything but clear. The Smiths themselves cannot state whether or not Newman took the items, whether they are still in the shed, or if the various small items were simply lost. Dkt. No. 44-4 at 48:20-25; 49:1-9. Therefore, all Defendants are entitled to qualified immunity.

### C. Plaintiff Cannot Amend their Complaint Response to Summary Judgment

For the first time, the Smiths now seek to add due process and trespass claims under Georgia law. Dkt. No. 47 p. 6. The Smiths cannot amend their Complaint in their response to summary judgment. Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("Liberal pleading does not require that, at the summary judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint."). The Smiths did not previously seek leave to amend their Complaint to add these claims and a response to summary judgment is an improper vehicle to do so. Id. Therefore, the Court declines to address new claims not previously alleged in the Smiths' Complaint.

### CONCLUSION

For the reasons stated above, Defendant Officer Nick Roundtree's Motion for Summary Judgment (Dkt. No. 44) and Defendants Officer Anthony Brown and Archie Davis' Motion for Summary Judgment (Dkt. No. 37) are hereby **GRANTED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment and to close this case.

**SO ORDERED**, this 18th day of November, 2016.

                                           LISA GODBEY WOOD, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT
                                           SOUTHERN DISTRICT OF GEORGIA

◯ 72A
.ev. 8/82)